ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Carolyn Dye, as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>JAMES CAPITAL ADVISORS, INC.,<br><br>Debtor. | Case No. 2:23-bk-14820-BB<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE IN CLASSES UNDER FRBP 9019(b); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF CAROLYN DYE IN SUPPORT THEREOF**<br><br>Date:   September 13, 2023<br>Time:   10:00 a.m.<br>Crtrm.: 1539<br>           255 East Temple Street<br>           Los Angeles, CA 90012<br>           [Via ZoomGov or In Person] |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT**, on September 13, 2023, at 10:00 a.m., Carolyn A. Dye, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of James Capital Advisors, Inc. (the "Debtor") will, and hereby does, move the Court for an Order pursuant to Rule 9019(b) of the Federal Rules of Bankruptcy Procedure authorizing the Trustee to compromise certain classes of rights of the estate in listings or business opportunities which former agents of the Debtor have taken to new brokerage firms, without further order of the Court (the "Motion").

1726729.1  27180                                                   1

The Motion is based on the separate notice of Motion, this Motion and its attached Memorandum of Points and Authorities, the Declaration of Carolyn A. Dye, as Trustee, and such other evidence as may be submitted to the Court.

The Motion is brought for these reasons:

To avoid any disruption to the listings of any former agents or their clients, the Trustee seeks to enter into agreements with former agents of the Debtor to re-list and market listings which they originated while working for the Debtor in exchange for a commercially reasonable referral fee paid by their new brokerages. The Trustee is informed and believes that a commercially reasonable referral fee paid by the new brokerages to this estate is up to 20% to 25% of the commission paid to the new brokerage, depending on the facts and circumstances and the Trustee's discretion. During the pendency of this Motion, the Trustee will execute any agreement necessary and appropriate to transfer listings without undue disruption to the Debtor's former clients, with the understanding that such agreements are subject to the Court's approval. After Court approval, the Trustee will enter into such agreements without need for further Court order.

**PLEASE TAKE FURTHER NOTICE THAT**, for those planning to appear via ZoomGov, the Court's audiovisual meeting information can be located on Judge Bluebond's webpage, here: https://www.cacb.uscourts.gov/judges/honorable-sheri-bluebond.

**PLEASE TAKE FURTHER NOTICE THAT**, any opposition to this Motion must be filed at least 14 days before the date of the hearing on this Motion pursuant to Local Bankruptcy Rule 9013-1(f). The Court may treat failure to timely file documents as consent to the relief requested in the motion.

DATED: August 23, 2023          DANNING, GILL, ISRAEL & KRASNOFF, LLP

                                By: /s/ Zev Shechtman
                                ZEV SHECHTMAN
                                Attorneys for Carolyn Dye, as Chapter 7 Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The Debtor's former agents have sought or will seek gainful employment at new brokerages. The Trustee expects that the former agents will continue to work on behalf of their clients, including clients with listings originated at the Debtor. Generally, in addition to completing the existing listings through an escrow, the listing agreements have the standard "tail" clauses where if a buyer was identified by the agent during the listing agreement period and subsequently purchased the property at issue, then the Debtor would be contractually able to claim a portion of the commissions due. The Trustee expects the estate to be compensated for its listings as well as business opportunities transferred to new brokerages. This Motion seeks authority for the Trustee to enter into agreements with the successor brokerages for referral fees to be paid to the estate on account of listings or business opportunities taken to the new brokerages. Such an arrangement benefits the estate, the former agents of the Debtor and their clients, by creating certainty as to the listings and eliminating potential interruptions to their business resulting from a delay in transition to new brokerages.

**II.**

**FACTUAL STATEMENT**

On July 31, 2023 (the "Petition Date"), James Capital Advisors, Inc. ("Debtor") filed a voluntary "emergency" petition for relief under Chapter 7 of title 11 of the United States Code, commencing bankruptcy case no. 2:23-bk-14820-BB.

Carolyn A. Dye was appointed as the Chapter 7 trustee of the bankruptcy estate, in which capacity she continues to serve.

The Debtor is a real estate brokerage firm. In the ordinary course of its business, the Debtor, through its agents, facilitated real estate transactions between buyers and sellers of real

property. As of the Petition Date, the Debtor was the broker in more than thirteen real estate transactions (the "Pending Transactions").

On August 10, 2023, the Trustee filed an emergency motion for authority to operate the Debtor's business for limited purposes (*doc. no. 9*) (the "Operating Motion"), which was heard on August 15, 2023. The Court granted the Operating Motion at the hearing and the order was entered by the Court on August 17, 2023 (*doc. no. 33*).

Since the Petition Date, in addition to the 13 identified listings, the Trustee has been in touch with a number of former agents of the Debtor regarding listings or potential listings in various states. A number of the former agents have listings, or listing opportunities, that originated with the Debtor, including listings with the standard "tail" provisions. The agents may wish to continue working on those listings at new brokerages.

The Trustee believes that it is in the best interest of the agents, their clients, and the estate for the agents to take these listings and/or opportunities to new brokerages, to avoid any interruption or potential losses. The estate has an interest in those listings and/or other business opportunities and believes that the estate should be compensated for them. Accordingly, the Trustee has already negotiated with certain of the agents referral fees that will be paid by the new brokerages in exchange for the Trustee's consent to the transfer of listings to the new brokerages. Such agents and listings currently include:

| Agent | New Brokerage | Listings/Properties |
| --- | --- | --- |
| Simon Lewis | CBRE | (1) 2015 McKinnon Ave, San Francisco, CA 94124 & 2225 McKinnon Ave, San Francisco, CA 94124 |
| Peter Padden | Lee & Associates | (1)  4107 W Gonzales, Oxnard, CA 93036<br>(2)  3132 E Pleasant Valley Road, Oxnard, CA 93033<br>(3)  3508 Via Real, Carpinteria, CA 93013 |
| Anthony Cohen | Northmarq | (1) 4100 Barbara Loop SE, Rio Rancho, NM 87124 ("Barbara Loop Listing") |

1726729.1  27180

1    The Trustee is informed that creditor Chelsea Mandel ("Mandel") objects to any action of 2 the Trustee relating to the Barbara Loop Listing inasmuch as Mandel asserts that the Barbara Loop 3 Listing was obtained in violation of a prepetition contractual term that Mandel asserts prohibited 4 the Debtor from engaging in certain "Sale Lease Back" transactions, and that such listing is 5 property of the joint venture between her company and the Debtor.   Such objection has already 6 been addressed in Mandel's opposition (*doc. no. 11*) to the Operating Motion, and the order thereon 7 expressly reserves Mandel's rights with respect to subject objections (*doc. no. 33*).  Similarly, the 8 order on this Motion should be without prejudice to any rights of Mandel to challenge the estate's 9 interest in the Barbara Loop Listing.  The Trustee wishes to authorize the transfer of listings to 10 avoid undue disruption to the agent or clients, notwithstanding such unresolved dispute with 11 Mandel.

12    In addition to the several listings described above, the Trustee anticipates that the Trustee 13 will enter into similar agreements with other successor brokerages.

### III.

### LEGAL DISCUSSION

17    The Trustee seeks authority, pursuant to Federal Rule of Bankruptcy Procedure 9019(b), to 18 compromise and resolve any claims of the estate relating to business transferred to successor 19 brokerages by agents moving to new brokerages.  Such authority is requested so the estate and the 20 Court will not be burdened by the need to file and hear numerous motions to compromise or sell 21 assets of the estate.

22    Federal Rule of Bankruptcy Procedure 9019(b) provides,

23    After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle
24    controversies within such class or classes without further hearing or notice.

25    Where, as here, numerous resolutions are anticipated, Rule 9019(b) provides the Court the 26 discretion to authorize a chapter 7 trustee to enter into settlements without further hearing or notice. 27 Fed. R. Bankr. P. 9019 advisory committee's note ("[s]ubdivision (b) permits the court to deal 28 efficiently with a case in which there may be a large number of settlements.").

1726729.1  27180                                5

The Trustee is informed that up to 20% to 25% is a reasonable referral fee paid by a successor brokerage for listings or other opportunities transferred to them.  The Trustee is administering a chapter 7 liquidation.  The only consideration that the Trustee can give the with respect to the brokerages' further listing, marketing and monetizing of the Debtor's former listings, is the Trustee's transfer of the estate's rights to such assets.  The Trustee must rely on the good will and good faith of the other parties to ensure that the estate recovers on account of such assets reasonable recoveries that benefit the estate.  The Trustee seeks authority to enter into compromises along these lines and to exercise discretion depending on various factors, such as the term of the listing, the value of the listing, and other factors that the Trustee may consider in the Trustee's business judgment.

To the extent that Bankruptcy Code section 363(b) is implicated in that such transfers constitute sales out of the ordinary course of the Debtor's business, the Trustee believes that such transfers for reasonable consideration constitute valid and appropriate exercises of the Trustee's business judgment. *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288-89 (B.A.P. 9th Cir. 2005) ("The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances. . . . Ordinarily, the position of the trustee is afforded deference…."); *In re Verity Health System of Cal., Inc*., 598 B.R. 283, 292 (Bankr. C.D. Cal. 2018) ("The Debtors must articulate a business justification for the sale.") (citing *In re Walter*, 83 B.R. 14, 1-20 (B.A.P. 9th Cir. 1988)).

# IV.

# **CONCLUSION**

Based on the foregoing, the Trustee seeks entry of an order authorizing the Trustee to enter into agreements with new brokerages for up to 25% of the commissions received by new brokerages on account of listings or other business opportunities transferred from the Debtor, and for the Trustee to be authorized to exercise discretion in entering into such transactions or agreements, all without need for further order of the Court.

DATED: August 23, 2023          DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: _____
    ZEV SHECHTMAN
    Attorneys for Carolyn Dye, as Chapter 7 Trustee

1726729.1  27180                           7

# DECLARATION OF CAROLYN A. DYE

I, Carolyn A. Dye, declare:

1. I am the Chapter 7 trustee of the estate of James Capital Advisors, Inc., the debtor in the within bankruptcy case (the "Debtor"). I have personal knowledge of the facts stated in the above opposition and in this declaration, except those matters that are based upon my information and belief, and as to such matters, I believe such matters to be true. If called as a witness, I could testify competently to these facts.

2. This declaration is being filed in support of my above Motion for Authority to Compromise in Classes Under FRBP 9019(b).

3. Since the Petition Date, I and my counsel have been communicating with a number of former agents of the Debtor. A number of the former agents have listings or business opportunities that originated with the Debtor. The agents may wish to continue working on those listings at new brokerages.

4. I believe that it is in the best interest of the agents, their clients, and the estate for the agents to take these listings to new brokerages, to avoid any interruption or potential losses. The estate has an interest in those listings or business opportunities and I believe that the estate should be compensated for them. Accordingly, I have negotiated with certain of the agents referral fees that will be paid by the new brokerages in exchange for my consent to the transfer of listings to the new brokerages. Such listings currently include:

| Agent | New Brokerage | Listings/Properties |
|---|---|---|
| Simon Lewis | CBRE | (1) 2015 McKinnon Ave, San Francisco, CA 94124 & 2225 McKinnon Ave, San Francisco, CA 94124 |
| Peter Padden | Lee & Associates | (1) 4107 W Gonzales, Oxnard, CA 93036<br><br>(2) 3132 E Pleasant Valley Road, Oxnard, CA 93033<br><br>(3) 3508 Via Real, Carpinteria, CA 93013 |
| Anthony Cohen | Northmarq | (1) 4100 Barbara Loop SE, Rio Rancho, NM 87124 ("Barbara Loop Listing") |

1726729.1  27180

8

5.      In addition to the three listings described above, I expect to enter into similar agreements with other successor brokerages, especially, but not limited to, any listing agreements with the standard "tail" provisions as described in the Motion.

6.      Based on my discussions with agents and brokerages, I believe that a minimum of 20% is an appropriate referral fee for the estate. I believe that the ability of the estate to monetize these assets absent such agreements will be constrained as the payment of commissions is dependent on additional work and the need to have an active broker attached to the listings for a commission to be paid. I believe that the authority I am seeking will help facilitate speedy transitions to new brokerages that will benefit the estate and avoid any harm to former clients of the Debtor, in addition to helping and garnering good will from agents, whose services will benefit the estate. I believe that the authority requested above will help me maximize the value of the estate and is a valid and appropriate exercise of my business judgment, and is appropriate in the circumstances for the reasons explained in the Motion. I respectfully request that the Court grant the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California on August 23, 2023.

_____
CAROLYN A. DYE

1726728.1  27180

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF MOTION AND TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE IN CLASSES UNDER FRBP 9019(b); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF CAROLYN DYE IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 23, 2023 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) August 23, 2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

James Capital Advisors, Inc.
10960 Wilshire Blvd.
Suite 805
Los Angeles, CA 90024-3729

The Honorable Sheri Bluebond
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 23, 2023 | Patricia Morris | /s/ Patricia Morris |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE
1726756.1  27180

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Brian K Condon**  Brian.Condon@arnoldporter.com, edocketscalendaring@arnoldporter.com
- **Aaron E. DE Leest**  adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Carolyn A Dye (TR)**  trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com
- **Anthony A. Friedman**  aaf@lnbyg.com
- **Eric P Israel**  eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Alphamorlai Lamine Kebeh**  akebeh@danninggill.com
- **Amy Lee Nashon**  anashon@troygould.com
- **Zev Shechtman**  zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

1726756.1  27180

**F 9013-3.1.PROOF.SERVICE**