ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
*akebeh@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone:    (310) 277-0077
Facsimile:      (310) 277-5735

Attorneys for Carolyn A. Dye,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:23-bk-14820-BB |
| JAMES CAPITAL ADVISORS, INC., dba ASCENSION ADVISORY, dba JAMES CAPITAL ADVISORS AZ, LLC, dba ASCENSION ADVISORY | Chapter 7 |
| | **TRUSTEE'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF COMPROMISE BETWEEN THE DEBTOR AND 537 W. HYDE PARK, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROLY DYE IN SUPPORT THEREOF** |
| Debtor. | |
| | [No Hearing Required] |

1

PLEASE TAKE NOTICE that Carolyn Dye, Chapter 7 Trustee (the "Trustee") of the estate of James Capital Advisors, Inc. dba Ascension Advisory, dba James Capital Advisors AZ, LLC, dba Ascension Advisory (the "Debtor"), will and hereby does move the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the Trustee to enter, on Debtor's behalf, a proposed compromise between the Debtor and 527 W. Hyde Park, LLC ("527") (collectively, the "Parties"), (the "Motion").

Subject to Court approval, the Debtor and 527 have entered into a settlement agreement (the "Agreement").  A true and correct copy of the Agreement is attached as Exhibit "1" to the Trustee's Declaration appended hereto.  The Agreement resolves any and all claims between the Debtor and 527 including all claims arising out of the complaint captioned *Leap Investments, LLC v. 527 W. Hyde Park, LLC, et al.* (filed November 15, 2021; Los Angeles County Superior Court Case No. 21TRCV00847) (the "Lawsuit").  The Agreement was negotiated prior to the Petition Date.

Without modifying in any respect the terms set forth therein, the Agreement provides that:

1.    The Parties agree to a mutual waiver of fees and costs against one another involving the Lawsuit and this Settlement Agreement.

2.    Within five (5) court days after the full execution of the Agreement, the Parties shall file their respective Request for Dismissal, with prejudice, of the Cross-Complaints in the Lawsuit.

3.    The Debtor and 527 agree, as set forth in the Agreement, to release each other from any and all claims, known or unknown, that they have against each other.

The Trustee believes that the Agreement is in the best interest of the Debtor's estate and its creditors and that the Trustee should be authorized to execute the Agreement on behalf of the Debtor.

The Motion is based upon this notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Carolyn Dye, and the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

1     PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-

2   1(f)(1), any creditors or interested parties seeking to oppose the Motion must, file and serve a

3   written opposition and request for hearing within fourteen (14) days after the date of service of this

4   notice plus 3 additional days if you were served by mail or electronically pursuant to Fed R. Civ. P.

5   5(b)(2)(D), (E) or (F) and serve a copy of the same upon the attorneys for the Trustee at the address

6   listed in the upper left corner of the first page of this Motion, and upon the Office of the United

7   States Trustee, located at 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017.  Pursuant

8   to Local Bankruptcy Rule 9013-1(h), the failure to file a response may be deemed by the Court to

9   be consent to the relief sought.

10

11  DATED:  September 15, 2023              DANNING, GILL, ISRAEL & KRASNOFF, LLP

12

13                                         By:    _____/s/ Zev Shechtman_____

14                                                ZEV SHECHTMAN
                                                Attorneys for Carolyn Dye, Chapter 7 Trustee
15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.      Procedural Status and History of Case**

On or about July 31, 2023 (the "Petition Date"), James Capital Advisors, Inc. dba Ascension Advisory, dba James Capital Advisors AZ, LLC, dba Ascension Advisory (the "Debtor") filed a voluntary Chapter 7 bankruptcy petition.  Carolyn Dye accepted appointment as the Chapter 7 trustee (the "Trustee") of the debtor's estate and continues to serve as Trustee on behalf of creditors.

On or about November 15, 2021, Leap Investments, LLC ("Leap") filed a complaint against 527 and others in the Los Angeles Superior Court bearing Case No. 21TRCV00847 entitled *Leap Investments, LLC v. 527 W. Hyde Park, LLC, et al.*(the "Defendants") (hereinafter "Lawsuit"). Thereafter the Parties filed their respective cross-complaints against one another.

The Lawsuit arises out of Leap's purchase of real property located at 527 W. Hyde Park, Inglewood, California (the "Property").  Leap alleges that there were certain defects and non-conforming units at the Property that the Defendants failed to disclose to Leap prior to the sale.

**B.      The Settlement Agreement with 527**

The prepetition attorneys for the Debtor and 527  reached a written settlement agreement (the "Agreement"), but it was not executed as of the Petition Date.  A true and correct copy of the Agreement is attached as Exhibit "1" to the Trustee's Declaration.

Without modifying in any respect the terms set forth therein, the Agreement provides that:

1.      The Parties agree to a mutual waiver of fees and costs against one another involving the Lawsuit and this Settlement Agreement.

2.      Within five (5) court days after the full execution of this Settlement Agreement, the Parties shall file their respective Request for Dismissal, with prejudice, of the Cross-Complaint in this Lawsuit.

3.      The Debtor and 527 agree, as set forth in the Agreement, to release each other from

1    any and all claims, known or unknown, that they have against each other.

2        The Trustee believes that the terms of the Agreement are in the best interest of the Debtor's

3    estate and its creditors and should be approved by the Court.

4

5                                           **II.**

6                                    **ARGUMENT**

7    **A.    Standards for Approval of Compromises**

8        Inherent in the grant of jurisdiction to the district courts over all civil proceedings arising

9    under, arising in or related to cases under title 11 is the Court's authority, under Section 105(a) of

10   the Bankruptcy Code, to enter orders approving compromises.  This power is expressly recognized

11   in Bankruptcy Rule 9019(a), which provides that the Court may approve a compromise or

12   settlement on motion by the trustee after notice as provided in Rule 2002.  The approval of a

13   compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2)(a) and (o).  *In re Carla Leather,*

14   *Inc.*, 50 B.R. 764, 775 (Bankr. S.D.N.Y. 1985).

15       The approval or rejection of a proposed compromise is addressed to the sound discretion of

16   the Court and is to be determined by the particular circumstances of each case.  *In re Walsh*

17   *Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982).  The burden of establishing the fairness of

18   the compromise rests on the proponent, here, the Trustee.

19       In determining the acceptability of a proposed compromise, the following four factors

20   should be considered: (1) the probability of success in the litigation; (2) the difficulties, if any,

21   encountered in the matter of collection; (3) the complexity of the litigation involved, the expense,

22   inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and

23   a proper deference to their reasonable views.  *In re A & C Properties*, 784 F.2d 1377, 1381 (9th

24   Cir. 1986); *Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir.

25   1984).  This Court is not required to decide the questions of law and fact in dispute, but to canvas

26   the issues to see whether the "settlement falls below the lowest point in a range of reasonableness."

27   *In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (quoting *In re W.T. Grant Co.*,

28   699 F.2d 599, 608 (2d Cir. 1983)).

**B.**     **The Agreement is in the Best Interest of the Estate and Should Be Approved**

The Trustee believes that the Agreement is fair and reasonable, and in the best interest of the estate and its creditors, and satisfies the standards for approval of a settlement. With respect to the factors set forth in *A & C Properties,* the Trustee believes that the Agreement should be approved as follows:

### 1.     Probability of Success in Litigation

The Trustee understands that this litigation was all but settled as of the Petition Date. The Trustee is informed that the Debtor was a defendant in this action against Debtor's client, the seller, in connection with undisclosed defects. In the Trustee's business judgment, it appears that the Debtor already exercised reasonable business judgment in walking away from this litigation, taking into account this issue. In fact, in the Trustee's experience, given that Debtor's primary role was as a defendant, the settlement appears to constitute a "successful" outcome. Therefore, to the extent applicable, this factor militates toward approving the compromise.

### 2.     Difficulties in Collection

This factor is inapplicable. The Trustee is not aware of any amounts that would likely be owed to Debtor.

### 3.     Complexity, Expense, Inconvenience and Delay of Litigation

The Lawsuit is complex involving multiple parties and liabilities. It is anticipated that, absent the settlement, the Lawsuit would require a jury trial. The Trustee would not be involved in such action, and is not interested in pursuing it on behalf of the estate. By this settlement, the parties agree that they are settling any and all known and unknown claims between them. Settling now eliminates the expense and delay inherent in litigation, avoids the risk of loss, and any collection risk. This factor supports approval.

**4.**     <u>Interest of Creditors</u>

The Agreement serves the paramount interest of creditors in this matter.  While the benefit does not result in cash, the releases inure to the estate's benefit by reducing claims of the estate. The work to achieve this outcome has already been done at no cost to the estate.  This results in a net benefit to the estate and its creditors.

Accordingly, the Trustee submits that the Agreement provides a fair and equitable resolution under the circumstances and is in the best interest of the estate and its creditors.

**III.**

<u>**CONCLUSION**</u>

Based upon the foregoing, the Trustee respectfully requests that the Court:

1.     grant the Motion;

2.     approve and authorize the Trustee, on Debtor's behalf, to sign the Agreement, a copy of which is attached as Exhibit "1" to the Trustee's Declaration; and,

3.     grant such other and further relief as this Court may deem just and proper.

DATED:  September _15, 2023         DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:        */s/ Zev Shechtman*
        ZEV SHECHTMAN
        Attorneys for Carolyn Dye, Chapter 7 Trustee

**DECLARATION OF CAROLYN DYE**

I, Carolyn Dye, declare as follows:

1.     I am the Chapter 7 Trustee for the bankruptcy estate of James Capital Advisors, Inc. dba Ascension Advisory, dba James Capital Advisors AZ, LLC, dba Ascension Advisory (the "Debtor").  I make this declaration in support of my Motion For Authority To Approve Compromise Between the Debtor and 537 W. Hyde Park, LLC (the "Motion").

2.     I have personal knowledge of the facts in this declaration, except those matters that are based upon information and belief and as to such matters, I believe such matters are true.  If called as a witness, I could testify competently to these facts.

3.     For the reasons described in the above Motion, I submit that the Agreement provides a fair and equitable resolution under the circumstances and is in the best interests of the estate and its creditors and I request that the Court authorize me to sign the Agreement on Debtor's behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2023, at Los Angeles, California.

_____
CAROLYN DYE

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (hereinafter referred to as the "Settlement Agreement") entered into and effective as of the last signatory to this Settlement Agreement, by and among, Defendant/Cross-Defendant/Cross-Complainant 527 W. Hyde Park, LLC (hereinafter "527"), and Defendants/Cross-Defendants/Cross-Complainants James Capital Advisers, Inc., John Katnik and Chase Gardner (hereinafter collectively " James Capital Advisers"). James Capital Advisers and 527 are hereinafter collectively referred to as the "Parties."

## R E C I T A L S

a.        On or about November 15, 2021, Leap Investments, LLC ("Leap") filed a Complaint against 527 and others in the Los Angeles Superior Court bearing Case No. 21TRCV00847 entitled *Leap Investments, LLC v. 527 W. Hyde Park, LLC, et al.*" (hereinafter "Lawsuit"). Thereafter the Parties filed their respective Cross-Complaints against one another.

b.        The Lawsuit arises out of Leap's purchase of real property located at 527 W. Hyde Park, Inglewood, California ("Property"). Leap alleges that there were certain defects and non-conforming units at the Property that the Parties failed to disclose to Leap prior to the sale.

c.        By this Settlement Agreement, the Parties hereto intend to fully and completely resolve any and all differences between and among them, including, but not limited to, any and all claims they may have regarding the Property and the Lawsuit.

d.        The Parties desire to minimize the time and expense, which they may incur in connection with the Lawsuit. By this Settlement the Parties agree that they are settling any and all known and unknown claims between them.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed:

## S E T T L E M E N T

1.    <u>INTENT OF THE PARTIES</u>.

By entering into this Settlement Agreement, it is the intent of James Capital Advisers and 527 to compromise and settle their claims against each other, and those of their past, present and future principals, agents, attorneys, officers, directors, shareholders, members, employees, employers, partners, successors, assignees, heirs, devisees, indemnitors, insurance companies and attorneys, relating to or arising from the Lawsuit and to release same from any and all liability for damages and/or injuries arising in connection with the  Property, and all other matters expressly or impliedly raised in the Lawsuit. This Settlement Agreement is not, and shall not be treated as, an admission of liability by any party to this Settlement Agreement for any purpose.

2.    **RELEASE AND DISCHARGE**.

The Parties hereby release and discharge one another, jointly and severally, in addition to their predecessors and successors in interest, heirs, assigns and their past, present and future principals, officers, directors, shareholders, brokers, agents, employees, employers, partners, assignees, heirs, spouse, devisees, indemnitors, insurance companies, insurers, reinsurers, and attorneys, from any and all past, present or future claims of any kind, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, indemnity, expenses and compensation, whether based on tort, contract or other legal or equitable theories of recovery which each party may have against the other, or which may later accrue to, or be acquired by any party against the other parties relating to or arising from the Property and all other matters expressly or impliedly raised in the Lawsuit.

3.    **CONSIDERATION**.

As consideration for this Release, the Parties agree to each as follows:

a.    The Parties agree to a mutual waiver of fees and costs against one another involving the Lawsuit and this Settlement Agreement;

b.    Within five (5) days from the full execution of this Settlement Agreement, the Parties shall file their respective Request for Dismissal, with prejudice, of their Cross-Complaints in the Lawsuit;

c.    The Parties agree that this compromise and settlement shall constitute a bar to all future claims, demands, obligations or causes of action against the Parties; and

d.    Each of the Parties to this Settlement Agreement will bear their own costs, attorneys' fees and all other monies incurred or paid in connection with this Settlement Agreement and the Lawsuit.

4.    **RELEASE OF UNKNOWN CLAIMS**.

This Settlement Agreement is intended to be a full general and mutual release and to constitute a full and final accord and satisfaction, extending to all claims of any nature that may exist between the Parties to this Settlement Agreement, including, without limitation, claims for injuries, damages or losses to their person and their property, real and personal, tangible and intangible, whether known or unknown, suspected or anticipated, unsuspected or unanticipated, arising out of the Property and all matters that may be raised in the Lawsuit.

a.    The Parties to this Settlement Agreement certify that they have read, understand and expressly waive the following provisions of California <u>Civil Code</u> Section 1542:

"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her,

would have materially affected his or her settlement with the debtor
or released party."

b.    The Parties to this Settlement Agreement understand and acknowledge that the significance and consequence of this waiver of California <u>Civil Code</u> Section 1542 is that even if one of them should eventually suffer additional damages or losses from their prior interactions, or should there exist other undisclosed obligations or liabilities existing between them, including their assignees, they will not be able to make any claim for those damages, losses or obligations. Furthermore, all parties to this Settlement Agreement acknowledge that they intend these consequences even as to claims for damages, losses or obligations that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect their decision, either singularly or collectively, to execute this release, regardless of the cause of their lack of knowledge.

5.    <u>NO ADMISSION.</u>

This Settlement Agreement is the compromise of a disputed claim and fully and finally settles all claims between the Parties hereto stemming from any and all dealings, contracts or transactions between the Parties, from the beginning of time, and to buy peace and to prevent any further involvement and dispute.  Nothing contained in this Settlement Agreement, including, without limitation, the payment of any consideration hereunder or the waiver of any rights hereunder, shall be interpreted or construed to be an admission on the part of, or to the prejudice of, any person or party named herein.  Except for the obligations created by this Settlement Agreement, each party or person hereto expressly denies any and all liability associated with or related, whether directly or indirectly, to the Lawsuit and claims therein described.

6.    <u>NO ASSIGNMENT.</u>

The Parties represent and warrant that they have not heretofore assigned, transferred or hypothecated or purported to have assigned, transferred to hypothecated or will in the future assign, transfer or hypothecate to anyone any debt, judgment, claim, liability, demand, action, cause of action, or any interest therein, based upon or arising out of or pertaining to or concerning or connected with any matter, facts, events, circumstances or things released herein.

7.    <u>NO INDUCEMENT.</u>

The Parties declare and represent that no promises, inducements or other agreements not expressly contained herein have been made and that this release contains the entire agreement between the Parties and the terms of this Settlement Agreement are contractual and not recitals only.

8.    <u>AUTHORITY OF SIGNATORIES</u>.

The Parties covenant that they possess the necessary capacity and authority to sign and enter into this Settlement Agreement.

9.      BINDING EFFECT.

The provisions of this Settlement Agreement will be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors in interest and assigns of the respective parties hereto.

10.     FURTHER DOCUMENTS.

The Parties hereto agree to execute and deliver such other additional documents as may be required to effectuate each of the terms of this Settlement Agreement.

11.     ADVICE OF ATTORNEY.

Each party warrants and represents that, in executing this Settlement Agreement, they have relied upon legal advice from the attorney of their choice; that the terms of this Settlement Agreement have been read, and its consequences (including, but not limited to, risks, complications and costs) have been completely explained to them by that attorney; that adequate time has been given for them to consult with their attorney, to ask any questions concerning this Settlement Agreement, to receive responses to those questions, and to contemplate the attorney's advice concerning this Settlement Agreement; and that the Parties fully understand the terms of this Settlement Agreement.  The parties to this Settlement Agreement acknowledge, warrant and represent that, in executing this Settlement Agreement, they have not relied on any inducements, promises or representations made by any other party to this Settlement Agreement or any person or entity representing or serving another party, except for those expressly stated in this Settlement Agreement.

12.     NO MODIFICATION.

This document sets forth the entire agreement between the Parties and may not be altered, amended or modified in any respect except by written instrument, duly executed by the party to be charged.  All earlier understandings, oral agreements and writings are expressly superseded hereby and are of no further force or effect.

13.     ATTORNEYS' FEES ARISING OUT OF THIS SETTLEMENT AGREEMENT.

If any party must enforce the terms of this Settlement Agreement, the prevailing party will be entitled to recover its reasonable attorney's fees and costs.    However, the Parties agree that they will bear their own attorney's fees and costs incurred in connection with the Lawsuit and that there is no prevailing party.

14.     ENFORCEABLE SETTLEMENT AGREEMENT.

Each of the Parties has entered into this Settlement Agreement with the specific understanding that it is enforceable by the court in which the Lawsuit has been filed.  In the event any party fails to perform the conditions or terms required therein, the Parties request that the court

DocuSign Envelope ID: 6548CCA0-9592-4549-B129-B1DA64FAF30F

retain jurisdiction to enforce the terms of this Settlement Agreement, pursuant to <u>Code of Civil Procedure</u>, Section 664.6. The parties to this Settlement Agreement hereby waive any rights they may otherwise have to appeal any decision by the court in deciding any issue relating to the enforcement of this Settlement Agreement under <u>Code of Civil Procedure</u>, Section 664.6 including any awards of attorneys' fees or costs.

15.    <u>CONSTRUCTION.</u>

As used in this Settlement Agreement, the masculine, feminine or neuter gender, the singular or plural numbers and the conjunctive or disjunctive shall each be deemed to include the other whenever the context so indicates. This Settlement Agreement shall be construed in accordance with its fair meaning, the captions being for the convenience of the Parties only and not intended to describe or define the provisions in the portions of the Settlement Agreement to which they pertain. The terms of this Settlement Agreement have been freely negotiated by the Parties, and this Settlement Agreement shall not be construed against the drafter, as these drafting services have been performed as a courtesy to the other parties to this Settlement Agreement. In the event that any provision of this Settlement Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect.

16.    <u>CROSS-REFERENCES.</u>

Any cross-references in this Settlement Agreement, unless specifically directed to another agreement or document, refer to provisions within this Settlement Agreement and shall not be considered to be references to the overall transaction or to any other agreement or document.

17.    <u>CALIFORNIA LAW.</u>

Under this Settlement Agreement, any and all rights and duties set forth in it, including matters of construction, validity and performance, shall be interpreted, enforced and governed by the laws of the State of California applicable to written instruments entered into in California.

18.    <u>PARTIES TO AGREEMENT.</u>

Should any party to this Settlement Agreement refuse or fail to abide by the terms of the agreement, such refusal or failure will not invalidate the agreement as to the remaining parties.

19.    <u>SEVERABILITY.</u>

If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of this Settlement Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

20.    <u>EFFECTIVE DATE OF AGREEMENT.</u>

This Settlement Agreement shall take effect upon the date of the last signatory to this Settlement Agreement.

21.    <u>EXECUTION IN COUNTERPARTS.</u>

This Settlement Agreement may be executed in one or more counterparts which, taken together, shall be deemed an original, but all of which shall constitute one and the same instrument. A facsimile or scanned signature shall be deemed original.


(Signature Page to Follow)

**YOUR RIGHTS ARE AFFECTED BY THIS SETTLEMENT AGREEMENT.
READ IT CAREFULLY.**

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

**SETTLING PARTIES:**

_____
JAMES CAPITAL ADVISERS, INC.                    Dated: _____

*John Katnik*
_____                    9/4/2023
JOHN KATNIK                    Dated: _____


_____
CHASE GARDNER                    Dated: _____


**APPROVED AS TO FORM:**

    **MANNING & KASS**


By: _____                    Dated: _____
    Fred Trester, Esq.
    Attorneys for James Capital Advisers



_____
527 W. HYDE PARK, LLC                    Dated: _____


**APPROVED AS TO FORM:**

    **CARLSON LAW GROUP, INC.**


By: _____                    Dated: _____
    Mark C. Carlson, Esq.
    Attorneys for 527 W. Hyde Park LLC

**YOUR RIGHTS ARE AFFECTED BY THIS SETTLEMENT AGREEMENT.
READ IT CAREFULLY.**

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

**SETTLING PARTIES:**

_____

JAMES CAPITAL ADVISERS, INC.                     Dated: _____

_____

JOHN KATNIK                                      Dated: _____

_____

CHASE GARDNER                                    Dated: 09/05/2023

**APPROVED AS TO FORM:**

**MANNING & KASS**

By: _____           Dated: _____
Fred Trester, Esq.
Attorneys for James Capital Advisers

_____

527 W. HYDE PARK, LLC                            Dated: _____

**APPROVED AS TO FORM:**

**CARLSON LAW GROUP, INC.**

By: _____           Dated: _____
Mark C. Carlson, Esq.
Attorneys for 527 W. Hyde Park LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): <u>TRUSTEE'S NOTICE OF MOTION FOR AUTHORITY TO APPROVE COMPROMISE BETWEEN THE TRUSTEE, ON THE ONE HAND, AND 537 W. HYDE PARK, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROLY DYE IN SUPPORT THEREOF</u>  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>September 15, 2023</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On <u>September 15, 2023</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 15, 2023 | Gloria Ramos | /s/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Eskandar Alex Beroukhim**    alex.beroukhim@arnoldporter.com

- **Brian K Condon**    Brian.Condon@arnoldporter.com,
  edocketscalendaring@arnoldporter.com

- **Aaron E. DE Leest**    adeleest@DanningGill.com,
  danninggill@gmail.com;adeleest@ecf.inforuptcy.com

- **Carolyn A Dye (TR)**    trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com

- **Anthony A. Friedman**    aaf@lnbyg.com

- **Eric P Israel**    eisrael@danninggill.com,
  danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Alphamorlai Lamine Kebeh**    akebeh@danninggill.com

- **Amy Lee Nashon**    anashon@troygould.com

- **Zev Shechtman**    zs@DanningGill.com,
  danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

James Capital Advisors, Inc.          The Honorable Sheri Bluebond
10960 Wilshire Blvd.                  U.S. Bankruptcy Court
Suite 805                             Roybal Federal Building
Los Angeles, CA 90024                 255 E. Temple Street, Suite 1534
                                      Los Angeles, CA 90012

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**