ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
ZEV SHECHTMAN (State Bar No. 266280)
zshechtman@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
akebeh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Carolyn A. Dye, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JAMES CAPITAL ADVISORS, INC.,<br><br>Debtor. | Case No. 2:23-bk-14820-BB<br><br>Chapter 7<br><br>**TRUSTEE'S NOTICE OF MOTION AND MOTION TO: (1) APPROVE SALE OF DEBTOR'S TANGIBLE PERSONAL PROPERTY AT 10960 WILSHIRE BLVD., LOS ANGELES, CALIFORNIA, FREE AND CLEAR OF LIENS AND CLAIMS; AND (2) ABANDON ANY REMAINING TANGIBLE PERSONAL PROPERTY THEREAT; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF CAROLYN DYE IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

PLEASE TAKE NOTICE that Carolyn Dye, the Chapter 7 trustee (the "Trustee") for the estate of James Capital Advisors, Inc. (the "Debtor"), will and hereby does move the Court under 11 U.S.C. § 363 and Local Bankruptcy Rules 6004-1(c) and 9013-1, for an order (1) confirming the sale by the Trustee of the Debtor's miscellaneous tangible personal property located at 10960 Wilshire Boulevard, Suite 805, Los Angeles, California 90024 (the "Premises") to Stone-Miller (the "Buyer") for $4,500 cash and (2) authorizing the Trustee to abandon any tangible personal

1739458.1 27180

1

property remaining at the Premises (the "Motion"). The sale is to be "as is" and "where is" with no warranty or recourse whatsoever. The Trustee believes that miscellaneous tangible personal property is of limited resale value.

The Motion is based upon this Notice of Motion and Motion, and the attached Memorandum of Points and Authorities, Declaration of Carolyn Dye, the papers and pleadings in the Debtor's case, and such other evidence that may be presented at the hearing.

Pursuant to Local Bankruptcy Rule 6004-1(c), the Trustee provides the following information:

A. There is no hearing scheduled unless requested by a party or ordered by the Court. These assets are of minimal value to the estate, except to the extent that Buyer is willing to purchase the furniture and related items. No party other than the Buyer has expressed interest in the assets, and there are not viable alternative purchasers for these limited assets. See LBR 6004-1(c)(2)(B); LBR 6004-1(c)(4).

B. The Buyer is Stone-Miller ("Stone" or the "Buyer"). The Buyer's address is 11620 Wilshire Boulevard, Suite 520, Los Angeles, California 90025.

C. The property to be sold consists of any and all of the estate's right, title and interest in and to the following property (collectively referred to herein as the "Subject Personal Property"): all of the Debtor's tangible personal property located at the Premises, consisting of furnishings and office equipment, including but not limited to 44 desks, 60 chairs, 1 Copier, 1 Color Printer, 1 Refrigerator, and 1 Kuraid coffee maker.

D. The terms and conditions of the sale are that the Subject Personal Property is being sold for $4,500, "as is," "where is," and with no warranty or recourse whatsoever, subject to higher and better bids. There are no contingencies other than Court approval.

E. The SBA has a blanket lien for $163,136.26 on all assets of the Debtor. The Trustee proposes to sell the Subject Personal Property free and clear of the SBA lien, with that lien to attach to the sale proceeds.

F. There will be no overbidding because the Trustee, in her business judgment, does not view the subject assets as saleable other than to the Buyer, who is the only party who has

1  expressed an interest in acquiring the Subject Personal Property. The Trustee does not believe the Subject Personal Property warrants further marketing. No other party has expressed interest in overbidding.

G. The estimated net sale proceeds to be received by the bankruptcy estate will be $4,500.

H. The Trustee is not seeking authorization to pay any commissions for the proposed sale.

I. The Trustee does not anticipate that any Federal and/or California capital gain taxes will be due as a result of the proposed sale.

J. If no objections are made to the proposed sale, the Trustee requests that the Court waive the applicability of Federal Rule of Bankruptcy Procedure 6004(h).

The Trustee also asks for authority to abandon any tangible personal property left at the Premises.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(o)(3), any creditors or interested parties seeking to oppose the Motion must file and serve a written opposition and request for hearing within fourteen (14) days after the date of service of this notice plus 3 additional days if you were served by mail or electronically pursuant to Fed R. Civ. P. 5(b)(2)(D), (E) or (F) and serve a copy of the same upon the attorneys for the Trustee at the address listed in the upper left corner of the first page of this Motion, and upon the Office of the United States Trustee, located at 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file a response may be deemed by the Court to be consent to the relief sought.

///
///
///
///
///
///

1739458.1  27180

3

1 | Pursuant to Local Bankruptcy Rule 9013-1(h), failure to timely file and serve papers may
2 | be deemed by the Court to be consent to the granting of the Motion.

DATED: December 4, 2023          DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: _____/s/ Eric P. Israel_____
ERIC P. ISRAEL
Attorneys for Carolyn A. Dye, Chapter 7 Trustee

1739458.1  27180

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL STATEMENT

### A. Bankruptcy Background

On or about July 31, 2023 (the "Petition Date"), James Capital Advisors, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). Carolyn Dye accepted appointment as the Chapter 7 trustee (the "Trustee") for the Debtor's estate and continues to serve in that capacity for the benefit of the estate and its creditors.

The Debtor is a real estate brokerage firm. In the ordinary course of its business, the Debtor, through its agents, facilitated real estate transactions between buyers and sellers of real property. As of the Petition Date, the Debtor was the broker in more than thirteen pending real estate sale transactions (the "Pending Transactions").

The Trustee obtained permission from the Court to operate the Debtor's business, and those operations are winding up.

### B. Debtor's Personal Property Subject to Sale

The primary assets of the Debtor's estate consist of rights relating to commissions. However, the Subject Personal Property is furniture and equipment left over in a commercial office space located at 10960 Wilshire Boulevard, Suite 805, Los Angeles, California 90024 (the "Premises"). Based on the Trustee's recent experience, and review of the Debtor's records, the Trustee believes that the only alternative to selling the Subject Personal Property to the Buyer is abandonment.

The Trustee does not need to Subject Personal Property to conclude her operations.

///
///
///
///

### C. The Proposed Sale and Abandonment

The Trustee received an offer from the Buyer to purchase the Subject Personal Property for $4,500. The Trustee accepted the offer, subject to Court approval, without overbidding.[1]

The proposed sale of the Subject Personal Property is "as is," "where is," with no warranty or recourse whatsoever, subject only to Court approval. The proposed sale was reached via arms-length negotiations. The Trustee also requests that any personal property remaining at the Premises, after the sale, be considered of inconsequential value and authorize the Trustee to abandon same.

In order to avoid storage costs, the Trustee has authorized the buyer to remove the Subject Personal Property, and much of the Personal Property has been removed to date.

The buyer is not an insider or otherwise affiliated with the Debtor or the Trustee.

### D. Identity of Liens and Claims Against the Personal Property

The SBA has an all-asset lien in the amount of $163,136.26. See POC 4. The SBA lien will be removed from the Subject Property and attach to the sale proceeds.

## II.
## DISCUSSION

### A. Sale Free and Clear of Liens

To enable the Trustee to fulfill the Trustee's duty to "collect and reduce to money the property of the estate" (11 U.S.C. § 704(a)(1)), the trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In this Circuit and others, courts will authorize sales where the trustee's decision to sell assets outside the ordinary course of business is based upon sound business judgment. In re

---

[1] If a party objects because they are willing to pay substantially more on the same terms, the Trustee reserves the right to re-notice the sale to allow an auction. The Trustee highly doubts that will happen, but does not wish to foreclose that possibility.

1 | Continental Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986); In re Derivium Capital, LLC, 380
2 | B.R. 392, 404 (Bankr. D.S.C. 2007) ("In determining whether to approve a sale proposed by a
3 | trustee, courts generally apply a business judgment test"). Based on the Second Circuit's decision
4 | in In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983), courts generally hold that the following four
5 | elements must exist to satisfy the "sound business judgment test":  (1) sound business reasons; (2)
6 | accurate and reasonable notice to interested persons; (3) an adequate, fair and reasonable price; and
7 | (4) good faith.  See Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (affirming
8 | sale of debtor's assets proposed by trustee as being supported by a sound business purpose); Lionel,
9 | 722 F.2d at 1071. "Ordinarily, the position of the trustee is afforded deference, particularly where
10 | business judgment is entailed in the analysis or where there is no objection." In re Lahijani, 325
11 | B.R. 282, 289 (B.A.P. 9th Cir. 2005); Derivium, 380 B.R. at 404 ("the Trustee's business judgment
12 | is to be given 'great judicial deference,' [however] the Court must scrutinize whether the Trustee
13 | has fulfilled his duty to 'maximize the value obtained from a sale'").

**B.    The Proposed Sale of the Subject Personal Property is Supported by the Trustee's Sound Business Judgment and is in the Best Interests of the Debtor's Estate and Its Creditors**

The Buyer is the only party who has expressed an interest in acquiring the Subject Personal Property. The Trustee believes that no other party would have reason to overbid, and the Trustee does not believe the Subject Personal Property warrants further marketing. No other party has expressed interest in overbidding. The sale price is $4,500, free and clear of liens.

The proposed sale is an exercise of the sound business judgment of the Trustee because without a sale, the Debtor's estate will not be able to realize value from the Subject Personal Property at all. Based on the Trustee's experience, and review of the Debtor's records, the Trustee believes that the only alternative to selling the Subject Personal Property to the Buyer is abandonment. Thus, the Trustee believes that sale of the Subject Personal Property is in the best interests of the Debtor's estate and its creditors and should be approved. Any tangible personal property remaining at the Premises should be deemed abandoned.

///

### C. The Court Should Authorize the Trustee to Abandon any Remaining Tangible Personal Property at the Premises

The Trustee further requests authority to abandon any tangible personal property that may be left at the Premises.

## III.
## CONCLUSION

Based upon the above reasons, the Debtor respectfully requests that the Court enter an order:

1. authorizing the sale of Subject Personal Property to Stone Miller for the sum of $4,500.00, free and clear of liens, with liens attaching to sale proceeds;

2. authorizing the Trustee to abandon any remaining personal property at the Premises after the sale; and

3. granting such other and further relief that may be just and proper.

DATED: December 4, 2023          DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:  _____/s/ Eric P. Israel_____
    ERIC P. ISRAEL
    Attorneys for Carolyn Dye, Chapter 7 Trustee

1739458.1 27180                    8

## DECLARATION OF CAROLYN A. DYE

I, Carolyn A. Dye, declare:

1. I am the Chapter 7 trustee of the estate of James Capital Advisors, Inc., the debtor in the within bankruptcy case (the "Debtor").

2. I have personal knowledge of the facts stated in this declaration, except those matters that are based upon my information and belief, and as to such matters, I believe such matters to be true. If called as a witness, I could testify competently to these facts.

3. I have concluded that these assets are of minimal value to the estate, due to their condition and location, and the logistics of retrieval and costs associated with any effort to conclude a sale to any other interested party. The proposed sale to the Buyer is the best option available to the estate. The Buyer is willing to purchase the Subject Personal Property for $4,500 cash. No party other than Stone Miller has expressed interest in the assets, and there are not viable alternative purchasers for these limited assets. Pending approval of this motion, I have allowed the Buyer to remove the Subject Personal Property in order to avoid storage rent.

4. To the best of my knowledge, the Buyer is not related to the Debtor or to me.

5. The only known lienholder is the SBA. The SBA's lien will attach to the sale proceeds.

6. I respectfully request that the Court authorize the sale of Subject Personal Property to Stone Miller for the sum of $4,500 and authorize me to abandon any remaining personal property at the Premises.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Los Angeles, California on December 4, 2023.

_____
CAROLYN A. DYE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S NOTICE OF MOTION AND MOTION TO: (1) APPROVE SALE OF DEBTOR'S TANGIBLE PERSONAL PROPERTY AT 10960 WILSHIRE BLVD., LOS ANGELES, CALIFORNIA, FREE AND CLEAR OF LIENS AND CLAIMS; AND (2) ABANDON ANY REMAINING TANGIBLE PERSONAL PROPERTY THEREAT; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF CAROLYN DYE IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 4, 2023  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 4, 2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 4, 2023 | Gloria Ramos | /s/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      F 9013-3.1.PROOF.SERVICE
1740435.1  27180

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Eskandar Alex Beroukhim**   alex.beroukhim@arnoldporter.com
- **Brian K Condon**   Brian.Condon@arnoldporter.com, edocketscalendaring@arnoldporter.com
- **Aaron E. DE Leest**   adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Carolyn A Dye (TR)**   trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com
- **Anthony A. Friedman**   aaf@lnbyg.com
- **Eric P Israel**   eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Alphamorlai Lamine Kebeh**   akebeh@danninggill.com
- **Amy Lee Nashon**   anashon@troygould.com
- **Zev Shechtman**   zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

2. **SERVED BY U.S. MAIL – LIST OF ALL CREDITORS**

Debtor
James Capital Advisors, Inc.
10960 Wilshire Blvd.
Suite 805
Los Angeles, CA 90024

ALLEN MATKINS LECK GAMBLE MALLORY
865 South Figueroa
Suite 2800
Los Angeles, CA 90017-2795

ARAMARK REFRESHMENT SERVICES, LLC
PO BOX 734677
Dallas, TX 75373-7677

Allen Matkins Leck Gamble Mallory & Natsis L c/o Matthew J. Marino
600 West Broadway, 27th Floor
San Diego, CA 92101-3311

BANG REALTY - GEORGIA
3348 Peachtree Road NE
Suite 700
Atlanta, GA 30326-1682

BANG REALTY - NAPLES
PO BOX 19622
Cincinnati, OH 45219-0622

BANG REALTY - PENNSYLVANIA
11427 Reed Hartman Highway #236
Cincinnati, OH 45241-2418

BANG REALTY - TENNESSEE
11427 Reed Hartman Highway
Suite 236
Cincinnati, OH 45241-2418

BANG Realty Indiana,
11427 Reed Hartman Highway
Suite #236
Cincinnati, OH 45241-2418

COMPWEST
PO BOX 101563
Pasadena, CA 91189-0011

COSTAR GROUP INC
1331 L Street NW
Washington, DC 20005-4293

Chelsea Mandel II, LLC
Attn:  Chelsea Mandel
61 Cardinal Drive
Roslyn, NY 11576-2721

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
1740435.1  27180

F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| Craig Vonderhaar<br>Cohn Reznick LLP<br>21600 Oxnard St, Ste 700<br>Woodland Hills, CA 91367-4900 | DE LAGE LANDEN FINANCIAL<br>ATTN LITIGATION & RECOVERY<br>1111 OLD EAGLE SCHOOL ROAD<br>WAYNE PA 19087-1453 | DE PARK AVENUE OPERATING<br>COMPANY, LLC<br>10960 Wilshire Boulevard<br>Suite 120<br>Los Angeles, CA 90024-3712 |
| DIGITAL MAP PRODUCTS, INC.<br>5201 California Avenue<br>Suite 200<br>Irvine, CA 92617-3098 | FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | Gordon & Rees Scully Mansukhani<br>111 Broadway, Suite 1700<br>Oakland, CA 94607-3791 |
| Gordon Rees Scully Mansukhani LLP<br>Attn: Brad<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607-4023 | Greenberg Traurig<br>1750 Tysons Blvd, Suite 100<br>McLean, VA 22102-4227 | HAYDEN COMMANS<br>5208 Carmento Drive<br>Oak Park, CA 91377-4855 |
| HB PUBLISHING & MARKET<br>50 Washington Street<br>7th Floor<br>Norwalk, CT 06854-2751 | ILLINOIS DEPARTMENT OF<br>REVENUE<br>BANKRUPTCY UNIT<br>PO BOX 19035<br>SPRINGFIELD IL 62794-9035 | ILLINOIS DEPT. OF REVENUE<br>PO BOX 19004<br>Springfield, IL 62794-9004 |
| JAMES CAPITAL MANAGEMENT, LLC<br>10960 Wilshire Boulevard<br>#805<br>Los Angeles, CA 90024-3729 | JFB LEGAL<br>500 East Main Street<br>Suite 1400<br>Norfolk, VA 23510-2206 | JFB Legal, PLLC<br>Caroline George<br>500 E. Main Street<br>Norfolk, VA 23510-2206 |
| JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE<br>TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 | James Capital Advisors, Inc.<br>10960 Wilshire Blvd.<br>Suite 805<br>Los Angeles, CA 90024-3729 |
| James Capital LLC<br>3811 Bowsprit Circle<br>Westlake Village, CA 91361-3815 | James Capital Management, LLC<br>16513 Moonlit Path<br>Manor, TX 78653-5456 | James Capital, LLC<br>10960 Wilshire Blvd, Ste 805<br>Los Angeles, CA 90024-3729 |
| James Mandel JV, LLC<br>10960 Wilshire Blvd, Ste 805<br>Los Angeles, CA 90024-3729 | KETER ENVIRONMENTAL<br>SERVICES<br>4 High Ridge Park<br>#202<br>Stamford, CT 06905-1300 | KSP SYSTEMS<br>4929 Wilshire Boulevard<br>Suite 1025<br>Los Angeles, CA 90010-3932 |
| Keter Environmental Services, LLC<br>c/o Bond, Schoeneck & King, PLLC<br>Attn:  Jeffrey D. Eaton, Esq.<br>One Lincoln Center<br>Syracuse, NY 13202-1306 | LEA Accountancy, LLP<br>1130 S. Flower Street<br>Suite 312<br>Los Angeles, CA 90015-2143 | LOOPNET<br>PO BOX 791466<br>Baltimore, MD 21279-1466 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
1740435.1  27180

F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| Los Angeles Division<br>255 East Temple Street,<br>Los Angeles, CA 90012-3332 | Mark Richardson<br>729 N Shore Drive<br>Charleston, SC 29412-4215 | Mark Richardson<br>c/o TroyGould PC<br>1801 Century Park East, 16th Fl<br>Los Angeles, CA 90067-2313 |
| Matthew J. Marino<br>Allen Matkins Leck Gamble Mallory &<br>Nats<br>600 West Broadway, 27th Floor<br>San Diego, CA 92101-3311 | Melillo Inc<br>818 North Alfred Street<br>Apt 3<br>Los Angeles, CA 90069-4779 | Michael Palffy<br>2245 1/2 Addison Way<br>Los Angeles, CA 90041-2601 |
| Mike James<br>3811 Bowsprit Circle<br>Westlake Village, CA 91361-3815 | Mike James NNN, Inc<br>3811 Bowsprit Circle<br>Westlake Village, CA 91361-3815 | OHIO TREASURER OF STATE<br>30 East Broad Street<br>9th Floor<br>Columbus, OH 43215-3461 |
| OLLIVIER CORPORATION<br>8726 South Sepulveda Boulevard<br>#D311<br>Los Angeles, CA 90045-4014 | PITCHBOOK DATA INC<br>901 5TH AVE SUITE 1200<br>SEATTLE WA 98164-2017<br>preferred | RAM Investments, LLC<br>c/o TroyGould PC<br>1801 Century Park East, 16th Floor<br>Los Angeles, CA 90067-2302 |
| REONOMY<br>251 Park Avenue<br>Fl 6<br>New York, NY 10010-7302 | REVENUE, INC.<br>15000 Ventura Boulevard<br>Suite 201<br>Sherman Oaks, CA 91403-5490 | Reed Melillo<br>818 North Alfred Street, Apt 3<br>Los Angeles, CA 90069-4779 |
| SBA<br>PO Box 3918<br>Portland, OR 97208-3918 | SCOTTSDALE FASHION SQUARE<br>OFFICE<br>Attn Aaron White, Macerich<br>401 Wilshir, Suite 400<br>Santa Monica, CA 90401-1465 | SPILE, LEFF & GOOR LLP<br>16501 Ventura Boulevard<br>Suite 610<br>Encino, CA 91436-2072 |
| STRADLING YOCCA CARLSON &<br>RAUTH<br>660 Newport Center Drive<br>Newport Beach, CA 92660-6458 | Scottsdale Fashion Office LLC<br>Attn: Jennifer Griffin<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401-1452 | Scottsdale Fashion Office, LLC<br>c/o Dustin P. Branch, Esq.<br>Ballard Spahr LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles, CA 90067-2915 |
| THE TORREY FIRM<br>1626 Montana Avenue<br>Suite 647<br>Santa Monica, CA 90403-1808 | THOMPSON BURTON PLLC<br>6100 Tower Circle<br>Suite 200<br>Franklin, TN 37067-1465 | TOM JONSSON INC<br>1112 Montana Avenue<br>#146<br>Santa Monica, CA 90403-1652 |
| TOTAL CORPORATE SOLUTIONS<br>20335 South Western Avenue<br>Torrance, CA 90501-1504 | The Torrey Firm PC<br>1626 Montana Avenue<br>Suite 647<br>Santa Monica, CA 90403-1808 | Thomas Johnson<br>8450 E Lincoln Dr<br>Scottsdale, AZ 85250-5728 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
1740435.1  27180

F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| Tim Zellinger<br>25196 Via Veracruz<br>Laguna Niguel, CA 92677-7349 | U S SMALL BUSINESS ADMINISTRATION<br>312 N SPRING ST 5TH FLOOR<br>LOS ANGELES CA 90012-2678 | U.S. Small Business Administration<br>14925 Kingsport Rd<br>Fort Worth, TX 76155-2243 |
| United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 | ZOOMINFO TECHNOLOGIES LLC<br>805 Broadway Street<br>Suite 900<br>Vancouver, WA 98660-3506 | Buyer<br>Craig Miller, CEO<br>Stone-Miller<br>11620 Wilshire Blvd Ste 520<br>Los Angeles, CA  90025 |
| Courtesy NEF<br>undeliverable | James Mandel JV, LLC<br>undeliverable | LEA Accountancy, LLP<br>undeliverable |
| 4 Seasons Punt Mita<br>63734 Corral del Risco<br>Nayarit, MX 63727<br>undeliverable | ABM INDUSTRY GROUPS, LLC<br>ABM Parking Svcs, Attn Parking Ofc<br>Los Angeles, CA 90024-3721<br>undeliverable | Chelsea Mandel II, LLC<br>undeliverable |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                          F 9013-3.1.PROOF.SERVICE
1740435.1  27180